———o———

## John V. Phillips v. School-district No. Three of the Township of New Buffalo.

*School-district order—Validity of—Remedy.*

There is no reason why a school-district should be put to the expense of a suit by reason of the refusal of the assessor to pay a school order, *mandamus* being the proper remedy.

Error to Berrien. (O'Hara, J.) Argued January 8, 1890. Decided January 17, 1890.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Clapp & Bridgman,* for appellant.

*Edward Bacon,* for defendant.

LONG, J. This action was commenced in justice's court upon the following order:

"$16.00                    NEW BUFFALO, March 16, 1888.
               "SCHOOL-DISTRICT ORDER.
"Treasurer of School-district No. 3
    "Pay to Abram Duell or bearer sixteen dollars, and "charge to account of fund for incidentals.
                    "THOMAS HUTTON, Director.
"ABRAM DUELL, Moderator."

Defendant had judgment, and plaintiff appealed to the circuit court for Berrien county, where the cause was tried before a jury, who, under the direction of the court, rendered a verdict in favor of the defendant.

On the trial it appeared that the order was verbally transferred to the plaintiff by Mr. Duell, so he might bring the suit, there being an arrangement between them that they should share equally in the proceeds of the judgment. The circumstances under which the order was drawn are that in the fall of 1886, Thomas Hutton, director, and Abram Duell, moderator, of School-district No. 3, engaged Della Warren to teach the school of that district for eight months at $30 per month. At the time of the making the contract her certificate had nearly expired, and anticipating that she would receive a new certificate as a qualified teacher, the contract was made in two writings,—one for two months, and one for six months, thereafter. These contracts were not signed by the assessor. No meeting of the district board was called, and the assessor had no notice at that time of the making of the contracts. At the end of the two months the

director drew an order on the assessor in her favor for $30 per month, which was countersigned by Duell as moderator. This order the assessor refused to pay, and he also refused to recognize the validity of the contract at $30 per month. It was finally agreed between the district officers that the contracts should stand for $28 per month, and the six months' contract was then reformed to read as for eight instead of six months, and at $28 per month; Mr. Duell agreeing to pay the additional $2 per month for the eight months. This arrangement was continued, but whether with the assent of the teacher is not made apparent by the record. The district paid the $28 per month for the full time, and Mr. Duell paid the $2 per month. At the annual school-meeting held September 5, 1887, a motion was made and carried—

"That the district refund the sum of sixteen dollars to Abram Duell for money he paid Della C. Warren, former teacher, out of his own pocket."

At a meeting of the district board held in August, 1888, the order was presented, which the assessor refused to recognize or pay, for the reason that there was not money enough in the treasury, and also that it was not a legal charge. From the view we take of the case, it is not necessary to discuss the question of the validity of the action of the school-district meeting in voting the money to Mr. Duell in the present controversy.

It is evident the school-district favored the payment of the money which Mr. Duell had paid to the teacher from his own pocket, and directed its repayment. The fault, if any exists, rests entirely with the assessor. The order was drawn by the director, countersigned by the moderator, and duly presented for payment to the assessor, who refused payment; his principal ground, apparently, being that the action was illegal. The remedy of the party in whose interest the order was drawn, if any exists, is by

*mandamus* against the assessor to compel payment. There is no reason why the school-district should be put to the cost of a suit by reason of the refusal of the assessor to discharge a duty which might be compelled by proper proceedings against him.

For these reasons the judgment of the court below must be affirmed, with costs.

The other Justices concurred.